UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO: 06-CR-20071-BC

v

GEORGE E. TRICE
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply

**Alternative Findings (A)**

There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980. The Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community.

**Alternative Findings (B)**

There is a serious risk that the Defendant will not appear, and will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention as set forth in the Bail Reform Act applies. As this Defendant faces at least ten years potential custody for alleged violations of the Controlled Substances Act, I conclude that the presumption applies. Therefore, I am required to

consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offenses charged involve crack cocaine and weapons. I find that from the grand jury having passed an Indictment there is probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), the Defendant is 23 years of age, single, and for the past year has lived with his mother in Saginaw. During his initial interview with Pretrial Services, the Defendant stated he has resided at various addresses throughout the Saginaw area. In her report, the Pretrial Services Officer describes the Defendant as having a transient lifestyle. The Defendant, at this time, is unemployed. He described numerous jobs he previously held, however, he refused to discuss them in any detail with Pretrial Services with the exception of a two month period of employment with an amusement company. The Defendant stated he has used illegal substances since at least age 18, and that he last used those substances on the day of his arrest in December of 2005. Although he told his lawyer that he was willing and able to undertake substance abuse treatment, the Defendant informed Pretrial Services that he had no interest in doing so.

In December of 2001, the Defendant pled guilty to Resisting and Obstructing a Police Officer. In May of 2003 he pled guilty to Driving While License Revoked. Less than one month later, the Defendant pled guilty to Transporting Alcohol and Possession of Controlled Substances, all of which occurred in Saginaw. Defense counsel advised the Court that the Defendant denies entering a plea to the possession charge. In April of 2004, the Defendant was charged with Obstruction of Justice and Driving While License Revoked. He pled guilty to the traffic charge and was sentenced to fines and costs. The report prepared by Pretrial Services also reflects a charge of Possession of Dangerous Drugs in May of 2004, no

2

disposition is listed, and the Defendant states he was never arrested on any such charge. The Defendant was arrested December 7, 2005, on the pending charges which were originally brought by the state.

The government attorney proffers that at the time a search warrant was executed at the Defendant's residence, arresting officers saw activity which convinced them that the Defendant was attempting to run to the rear of the residence, a location later found to have in it a loaded semi-automatic handgun.  Government counsel also proffers that the Defendant strongly resisted efforts to arrest him, a claim disputed by the Defendant.  An altercation ensued, however, although neither the officers involved or the Defendant were seriously injured.

As I view these circumstances under the standards set forth in the Bail Reform Act, I conclude that the Defendant has failed to rebut the presumption in favor of detention.  In the alternative, I find that even if he had, considering the Defendant's transient lifestyle, his lack of interest in substance abuse treatment as noted by Pretrial Services, his prior history of resisting and/or obstructing police officers, as well as a conviction for possession of controlled substances, I find there are no conditions I could craft which would reasonably assure the safety of the community or the Defendant's appearance for future court hearings as required by the Bail Reform Act.  Accordingly, the government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on

3

request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d).

                                            s/ *Charles E. Binder*
                                         CHARLES E. BINDER
Dated: February 17, 2006              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Ken Sasse, and served on Pretrial Services, the U.S. Marshal's Service, and District Judge Lawson in the traditional manner.

Date: February 17, 2006                       By     s/Jean L. Broucek
                                                            Case Manager to Magistrate Judge Binder